IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JUSTIN ERSKINE, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) Civ. No. 22-381-GBW |
| | ) |
| TRUMAN MEARS, et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM OPINION**

Justin Erskine, Lateef Dickerson, Gerrin Wallace, Trey Bowden, Donald L. McMillan, Michael Cummings, Kevon Brownlee, Christopher Waterman, Bryan A. Neal, Jerry McGinnis, Michael Ellingsen, and Phillip M. Smith, Sussex Correctional Institution, Georgetown, Delaware. *Pro Se* Plaintiffs.

November 14, 2022
Wilmington, Delaware

**WILLIAMS, U.S. District Judge:**

## I. INTRODUCTION

Justin Erskine, Lateef Dickerson, Gerrin Wallace, Trey Bowden, Donald L. McMillan, Michael Cummings, Kevon Brownlee, Christopher Waterman, Bryan A. Neal,[1] Jerry McGinnis, Michael Ellingsen, and Phillip M. Smith ("Plaintiffs"), all inmates at Sussex Correctional Institution ("SCI"), filed this action pursuant to 42 U.S.C. § 1983.[2] (D.I. 2) They appear *pro se* and have been granted leave to proceed *in forma pauperis*. Erskine has filed a motion for class certification (D.I. 4) and a request for counsel (D.I. 5) This Court proceeds to screen the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(b) and § 1915A(a).

## II. BACKGROUND

Plaintiffs are housed in the Medium Building at SCI. (D.I. 2 at ¶ 2) Medium housing consists of four tiers. (*Id.* at ¶ 4) The living area on each tier is an open dormitory setting of approximately 1600 square feet with no cells and no dividers between the bunks. (*Id.* at ¶¶ 4, 5) Plaintiff allege that Defendants Captain Joshua Niblett, Lieutenant Michael Maans, Lieutenant Kevin Bates, and Clayton Morgan indicated that Plaintiffs are not allowed to access any space off

---

[1] Bryan A. Neal was dismissed for failure to submit the required authorization form. (*See* D.I. 81) He subsequently submitted the authorization (*see* D.I. 113) and will be reinstated as a plaintiff.
[2] Other inmates who joined in the suit have been dismissed. (*See* D.I. 81, 119)

1

the tiers for purposes of recreation or exercise, and they are not permitted to exercise anywhere on the tier, including the chow hall. (*Id.* at ¶¶ 7, 8, 11) Plaintiffs allege the conditions make it difficult to have consistent and regular access to outdoor recreation, that Medium Housing is not provided with air conditioning or proper ventilation, and they are refused access to the air conditioned chow hall for recreation purposes or a reprieve from the extreme summer heat. (*Id.* at ¶¶ 22, 23, 24)

Inmates housed on the Medium Building are scheduled one hour of gym/yard access per day and it was canceled at least 21 times during the first 37 days of 2022. (*Id.* at ¶¶ 12, 13) Plaintiffs allege that inmates who serve disciplinary sanctions (sometimes up to 90 days) are not allowed exercise because they are not permitted access to the gym/yard. (*Id.* at ¶¶ 14, 15) Plaintiffs allege that regardless of whether any of them have served sanction time in Medium Housing, they are not permitted to exercise on the tier, even when gym/yard is canceled, and they are subject to long periods without exercise time. (*Id.* at ¶ 19)

Grievances seeking permission to exercise on the tier have been returned as non-grievable on the basis that the matter was previously grieved and denied by Defendants Warden Truman Mears and/or Deputy Warden John Beck and Security

2

Major Marvella. (*Id.* at ¶¶ 16-17) Defendant DOC Bureau Chief John Doe upheld the denial on appeal. (*Id.* at ¶ 18)

Plaintiffs allege the foregoing violates their rights under the Eighth Amendment to the United States Constitution because the prohibition from exercising on the tiers causes a threat to their physical and mental health. They seek declaratory and injunctive relief as well as compensatory and punitive damages. (*Id.* at 4-5)

## III. LEGAL STANDARDS

A federal court may properly dismiss an action *sua sponte* under the screening provisions of 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b) if "the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013); *see also* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions); 28 U.S.C. § 1915A (actions in which prisoner seeks redress from a governmental defendant); 42 U.S.C. § 1997e (prisoner actions brought with respect to prison conditions). The Court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff. *See Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Because Plaintiffs proceed *pro se*,

3

their pleading is liberally construed and their Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94 (citations omitted).

A complaint is not automatically frivolous because it fails to state a claim. *See Dooley v. Wetzel*, 957 F.3d. 366, 374 (3d Cir. Apr. 27, 2020) (quoting *Neitzke v. Williams*, 490 U.S. 319, 331 (1989)); *see also Grayson v. Mayview State Hosp.*, 293 F.3d 103, 112 (3d Cir. 2002). "Rather, a claim is frivolous only where it depends 'on an "indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario.'" *Dooley v. Wetzel*, 957 F.3d at 374 (quoting *Mitchell v. Horn*, 318 F.3d 523, 530 (2003) and *Neitzke*, 490 U.S. at 327-28).

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) and § 1915A(b)(1) is identical to the legal standard used when deciding Federal Rule of Civil Procedure 12(b)(6) motions. *See Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999) (applying Fed. R. Civ. P. 12(b)(6) standard to dismissal for failure to state a claim under § 1915(e)(2)(B)). However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. §§ 1915 and 1915A, the Court must grant a plaintiff leave to amend his complaint

4

unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d at 114.

A complaint may be dismissed only if, accepting the well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the plaintiff, a court concludes that those allegations "could not raise a claim of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007). Though "detailed factual allegations" are not required, a complaint must do more than simply provide "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Davis v. Abington Mem'l Hosp.*, 765 F.3d 236, 241 (3d Cir. 2014) (internal quotation marks omitted). In addition, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *See Williams v. BASF Catalysts LLC*, 765 F.3d 306, 315 (3d Cir. 2014) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) and *Twombly*, 550 U.S. at 570). Finally, a plaintiff must plead facts sufficient to show that a claim has substantive plausibility. *See Johnson v. City of Shelby*, 574 U.S. 10 (2014). A complaint may not be dismissed for imperfect statements of the legal theory supporting the claim asserted. *See id.* at 10.

Under the pleading regime established by *Twombly* and *Iqbal*, a court reviewing the sufficiency of a complaint must take three steps: (1) take note of the

elements the plaintiff must plead to state a claim; (2) identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth; and (3) when there are well-pleaded factual allegations, assume their veracity and determine whether they plausibly give rise to an entitlement to relief. *See Connelly v. Lane Const. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016); *see also Iqbal*, 556 U.S. at 679 (citing Fed. R. Civ. P. 8(a)(2)). Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

## IV. DISCUSSION

### A. Grievances

Plaintiffs allege that Mears, Beck, Wise, and Doe violated their rights when they failed to grant grievances and requests to restore their opportunity for exercise. (D.I. 2 at ¶ 21) The filing of prison grievances is a constitutionally protected activity. *Robinson v. Taylor*, 204 F. App'x 155, 157 (3d Cir. 2006). To the extent that Plaintiffs base their claims upon their dissatisfaction with the grievance procedure or denial of grievances, the claims fail because an inmate does not have a "free-standing constitutionally right to an effective grievance process." *Woods v. First Corr. Med., Inc.*, 446 F. App'x 400, 403 (3d Cir. 2011) (citing *Flick v. Alba*, 932 F.2d 728, 729 (8th Cir. 1991)). Indeed, the denial of grievance

6

appeals does not in itself give rise to a constitutional claim as Plaintiffs are free to bring a civil rights claim in District Court. *Winn v. Department of Corr.*, 340 F. App'x 757, 759 (3d Cir. 2009) (citing *Flick v. Alba*, 932 F.2d at 729).

Plaintiffs cannot maintain constitutional claims based upon their perception that the grievances were not properly processed, that they were denied, or that the grievance process is inadequate. Therefore, the Court will dismiss all grievance claims as legally frivolous. The Court finds amendment futile as to this claim.

### B.   Recreation

Plaintiffs allege that: (1) Niblett, Maans, and Bates intentionally restricted their opportunity for physical exercise by prohibiting them from exercising on the tiers causing a threat to Plaintiffs' physical and mental health (D.I. 2 at ¶ 20); (2) Mears, Beck, Wise, and Doe violated their rights when they created conditions that made it difficult to have consistent and regular access to outdoor recreation which causes a threat to Plaintiffs' physical and mental health (*id.* at ¶ 22); and (3) Niblett, Maans, Bates, Mears, Beck, Wise, and Doe refused to provide Plaintiffs access to the chow hall for recreation purposes (*id.* at ¶ 24).

The denial of exercise or recreation can result in a constitutional violation. "[M]eaningful recreation 'is extremely important to the psychological and physical well-being of the inmates.'" *Peterkin v. Jeffes*, 855 F.2d 1021, 1031 (3d Cir. 1988)

(quoting *Spain v. Procunier*, 600 F.2d 189, 199 (9th Cir. 1979)). The lack of exercise, however, can only rise to a constitutional level "where movement is denied and muscles are allowed to atrophy, [and] the health of the individual is threatened." *Spain*, 600 F.2d at 199. Hence, a constitutional violation will occur only when the deprivation of exercise extends for a prolonged period of time and tangible physical harm resulting from the lack of exercise is demonstrated.

Here, Plaintiffs do not allege deprivations of exercise for prolonged periods of time. At most, they complain there not allowed outdoor recreation for 21 days during the first part of 2022. This is not a substantial deprivation. *See Barndt v. Wenerowicz*, 698 F. App'x 673, 677 (3d Cir. 2017) (finding temporary denial of out of cell exercise for twenty-eight days was not a substantial deprivation); *Pearson v. Ramos*, 237 F.3d 881, 884 (7th Cir. 2001) (finding denial of yard privileges for no more than ninety days not cruel and unusual punishment; *Knight v. Armontrout*, 878 F.2d 1093, 1096 (8th Cir. 1989) (finding denial of outdoor recreation for thirteen days not cruel and unusual punishment).

With regard to indoor recreation, "the lack of indoor facilities might be less than ideal . . . [but] does not constitute a violation of . . . eighth amendment rights." *Peterkin v. Jeffes*, 855 F.2d at 1031-32. Nor do Plaintiffs allege tangible physical harm resulting from lack of exercise. Rather, they allege only a "threat to

8

Plaintiffs' physical and mental health"; not that they suffered any actual ill effects. "[A] temporary denial of outdoor exercise with no medical effects is not a substantial deprivation." *Fantone v. Herbik*, 528 F. App'x 123, 127 (3d Cir. 2013) (quoting *May v. Baldwin*, 109 F.3d 557, 565 (9th Cir. 1997)). The Complaint contains no allegations that Plaintiffs suffered ill effects or sought medical care due to lack of exercise

Plaintiffs' recreation/lack of exercise claims do not rise to the level of a constitutional violation. Therefore, the claims will be dismissed. The Court finds amendment futile as to this claim.

### C.  Conditions of Confinement

Plaintiffs allege that: (1) Mears, Beck, Wise, and Doe violated their rights by not providing air conditioning in the summer when temperatures routinely exceeded 90 degrees (*id.* at ¶ 23); (2) Niblett, Maans, Bates, Mears, Beck Wise, and Doe refused to provide Plaintiffs access to the air conditioned chow hall for a reprieve from the extreme summer heat (*id.* at ¶ 24); and (3) Mears, Beck, Wise, and Doe housed 44 inmates in a space of 1,600 square feet with no tables, chairs, or opportunity for meaningful recreation or time off the tier all of which contribute to excessive noise, idleness, and crowding, with bunks not even six feet apart (*id.* at ¶ 25).

9

The Eighth Amendment "prohibits any punishment which violates civilized standards and concepts of humanity and decency." *Young v. Quinlan*, 960 F.2d 351, 359 (3d Cir. 1992), superseded by statute on other grounds as stated in *Nyhuis v. Reno*, 204 F.3d 65, 71 n.7 (3d Cir. 2000) (citations omitted). To prevail against prison officials on a claim that an inmate's conditions of confinement violated the Eighth Amendment, the inmate must meet two requirements: (1) the deprivation alleged must be, objectively, sufficiently serious," and (2) the "prison official must have a sufficiently culpable state of mind." *Farmer v. Brennan*, 511 U.S. 825, 834, (1994) (internal quotation marks and citations omitted). The first element is satisfied when an inmate is deprived of "the minimal civilized measure of life's necessities." *Wilson v. Seiter*, 501 U.S. 294, 299 (1991). The second element is satisfied when an inmate shows that prison officials acted with deliberate indifference to the inmate's health or safety or conditions of confinement that violated the inmate's constitutional rights. *Id.* at 302-03.

When considering whether conditions of confinement violated the Eighth Amendment, courts recognize that "the Constitution does not mandate comfortable prisons, and prisons . . . which house persons convicted of serious crimes, cannot be free of discomfort." *Rhodes v. Chapman*, 452 U.S. 337, 349 (1981). "To the

extent that such conditions are restrictive and even harsh, they are part of the penalty that criminal offenders pay for their offenses against society." *Id.* at 347.

Plaintiffs allege they were not provided air conditioning during the summer when temperatures exceeded 90 degrees and not allowed access to the air conditioned chow hall for a reprieve from the summer heat. The Eighth Amendment is concerned with both the "severity" and the "duration" of a prisoner's exposure to inadequate cooling and ventilation. *See Rosa-Diaz v. Harry*, 2017 WL 1316946, at *9 (M.D. Pa. Feb. 2, 2017), *report and recommendation adopted*, 2017 WL 1283771 (M.D. Pa. Apr. 6, 2017) (citing *Dixon v. Godinez*, 114 F.3d 640, 643 (7th Cir. 1997) ("[I]t is not just the severity of the cold, but the duration of the condition, which determines whether the conditions of confinement are unconstitutional."). Here, Plaintiffs do not allege a risk of injury from the condition. Rather, they complain it was hot and they wanted a break from the heat. A prisoner's mere discomfort, without more, does not offend the Eighth Amendment. *Id.* at *9 (citing *Woods v. Edwards*, 51 F.3d 577, 581 (5th Cir. 1995)

Plaintiffs also complain of excessive noise. To meet the objective criteria of an Eighth Amendment claim, a plaintiff must show that the risk of injury from the conditions to which he was exposed was "so grave that it violates contemporary

11

standards of decency to expose anyone unwillingly to such a risk." *Helling v. McKinney*, 509 U.S. 25, 36 (1993). The Complaint does not allege the noise on the tier was so excessive and pervasive that it posed a serious risk of injury to Plaintiffs. *See Lunsford v. Bennett*, 17 F.3d 1574, 1580 (7th Cir. 1994). At most, Plaintiffs allege in a conclusory manner that the noise is excessive. This, however, "cannot fairly be said to inflict cruel and unusual punishment." *Peterkin v. Jeffes*, 855 F.2d at 1027.

Plaintiffs complain of conditions on the tier and allege the conditions contribute to excessive noise (discussed above), crowding, and no opportunity for meaningful recreation (discussed above). The Complaint does not contain sufficient factual allegations that show constitutional violations occurred. In essence, the vague and cursory allegations complain "of [] inconvenient and uncomfortable situation[s]"; however, "the Constitution does not mandate comfortable prisons." *Carson v. Mulvihill*, 488 F. App'x 554, 560 (3d Cir. 2012) (quoting *Rhodes*, 452 U.S. at 349). The allegations fail to state a claim upon which relief can be granted. *See Carter v. Owens*, 2017 WL 3107204, at *10 (D.N.J. July 21, 2017) (finding that, without additional details about the nature of prisoner's inadequate "dayroom" space claim, prisoner "has not demonstrated that denial of access to it was sufficiently serious to deprive him of the minimal

12

measure of life's necessities"). Plaintiffs' conditions of confinement claims will be dismissed. Plaintiffs will be given leave to amend the claim.

## V. CONCLUSION

For the above reasons, the Court will: (1) reinstate Bryan A. Neal as a plaintiff; (2) deny as premature without prejudice to renew Plaintiff Justin Erskine's motion for class certification (D.I. 4) and request for counsel (D.I. 5); (3) dismiss the Complaint as frivolous and for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii) and 1915A(b)(1); and (4) give Plaintiffs leave to amend the conditions of confinement claims. Amendment is futile as to the grievance and recreation claims.

An appropriate Order will be entered.