IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| JUSTIN ERSKINE, et al., | : | |
| | : | |
| Plaintiffs, | : | |
| | : | |
| v. | : | Civ. No. 22-381-GBW |
| | : | |
| TRUMAN MEARS, et al., | : | |
| | : | |
| Defendants. | : | |

## MEMORANDUM ORDER

At Wilmington, this 5th day of February, 2024, the Court having considered Plaintiff Justin Erskine's motion for class certification (D.I. 127);

IT IS HEREBY ORDERED that Plaintiff Erskine's motion for class certification (D.I. 127) is **DENIED**.

Four prerequisites must be met to obtain certification of a class: (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class. *See* Fed. R. Civ. P. 23(a).

Regarding the first prerequisite, numerosity, the Third Circuit has explained that, while "no minimum number of plaintiffs is required to maintain a suit as a

class action," classes comprised of 20 or fewer members are generally insufficiently numerous, classes containing over 40 members are generally sufficiently numerous; and classes of 21 to 40 members "may or may not meet the numerosity requirement depending on the circumstances." *In re Modafinil Antitrust Litig.*, 837 F.3d 238, 249-50 (3d Cir. 2016) (citations and internal quotations omitted); *see also Stewart v. Abraham*, 275 F.3d 220, 226-27 (3d Cir. 2001). Plaintiff Erskine's proposed class of the twelve current Plaintiffs, in addition to "several more parties [that] are eligible to become plaintiffs," is insufficiently numerous.

Furthermore, regarding the fourth and final prerequisite for certifying a class, adequacy of representation, the Court notes that Erskine is an incarcerated individual and he appears pro se. "[P]ro se litigants are generally not appropriate as class representatives." *Hagan v. Rogers*, 570 F.3d 146, 158-59 (3d Cir. 2009) (citing *Oxendine v. Williams*, 509 F.2d 1405, 1407 (4th Cir. 1975) ("[I]t is plain error to permit [an] imprisoned litigant who is unassisted by counsel to represent his fellow inmates in a class action.")). Erskine may not represent other plaintiffs or proceed as the class representative. Accordingly, class certification is inappropriate for this additional reason.

_____
United States District Judge